# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

MARTY SMITH,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

        Defendants.

Case No. 2:17-cv-02503-KJD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NOS. 1, 1-1) AND COMPLAINT (EFC NO. 1-2)

    Before the Court are Plaintiff Marty Smith's application to proceed *in forma pauperis* (ECF Nos. 1, 1-1) and complaint (ECF No. 1-2). For the reasons stated below, Plaintiff's *in forma pauperis* application is granted. The Court, however, orders that Plaintiff's complaint be dismissed without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

### I. Plaintiff May Proceed *In Forma Pauperis*

Plaintiff's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Plaintiff's affidavit, he expects to receive $221 per month from the Department of Social Services. (ECF No. 1-1). Plaintiff has monthly transportation expenses of $50 dollars and a $658.75 deb to Allied Interstate. (*Id.*) Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

1

## II. Plaintiff's Complaint Fails to State a Plausible Claim

### A. Legal Standard for Reviewing the Complaint

Because the Court grants Plaintiff's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). The Court's decisions in *Twombly* and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Factual allegations are not entitled to the assumption of truth if they are conclusory or "amount to nothing more than a 'formulaic recitation of the elements'" of a claim. *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555).

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is plausible if the factual allegations which are accepted as true "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the factual allegation, which are accepted as true, "do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Analysis**

Plaintiff's complaint alleges that on February 8, September 5, and September 13, 2015, officers of the Las Vegas Metropolitan department harassed Plaintiff in the Paradise, Sunrise manor, and Winchester areas of Las Vegas. (ECF No. 1-2 at 3-5). Plaintiff does not state what the alleged harassment consisted of beyond "offensive behavior" and "repeated misconduct." (*Id.*). Plaintiff asserts he has suffered "interference with working and living," an "undue restraint placed on [his] immunity, "disturbances, annoy[ance]s, grief, and anguish," and "mental suffering and emotional distress." (*Id.*). Plaintiff brings a 42 U.S.C. § 1983 action claiming violations of the due process and equal protection clauses of the Constitution. (*Id.* at 1, 6-10).

The Court has jurisdiction over Plaintiff's claims, as they arise under federal law. 28 U.S.C. § 1331. "Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law." *Lopez v. Armstread*, No. 3:13-CV-00294-MMD, 2015 WL 2194183, at *4 (D. Nev. May 11, 2015). "A 'procedural due process claim hinges on proof of two elements: (1) a protectible liberty or property interest ...; and (2) a denial of adequate procedural protections.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (*quoting Foss v. Nat'l Marine Fisheries Serv.,* 161 F.3d 584, 588 (9th Cir.1998)). Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (*quoting Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir.1998).

"To state a claim…for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (*quoting Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998)).

The Court finds Plaintiffs failed to plead a plausible due process or equal protection claim. Bare assertions that officers harassed Plaintiff and infringed on his liberty without any indication of what the officers' conduct was or how it affected Plaintiff cannot support Plaintiff's due process claim. Plaintiff also failed to allege that he belongs to a protected class, which prevents the Court from finding it is plausible that Plaintiff is entitled to relief in his equal protection claim. These deficiencies may be cured by allowing Plaintiff to amend his complaint.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF Nos. 1, 1-1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-2) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff have until November 6, 2017 to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

# NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 4th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE